# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA)
                              )
                              )
vs.                           )   CRIMINAL ACTION
                              )   NO. 03-1752-CBS
DANIEL PEREIRA TETZNER,       )
        Defendant,            )
_____)
```

### MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
### September 29, 2003

**SWARTWOOD, M.J.**

I.  Nature of the Offense and the Government's Motion

On September 24, 2003, a Criminal Complaint was filed, charging Daniel Pereira Tetzner ("Mr. Tetzner"), with re-entry of a previously removed alien, in violation of 8 U.S.C. § 1326(a)(2).

At Mr. Tetzner's initial appearance in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(2)(A) (risk of flight).

On September 29, 2003, a consolidated probable cause/detention hearing was held and at that hearing, Richard M. Deasy, Special Agent with the United States Bureau of Immigration and Customs Enforcement

(?ICE?), testified on behalf of the Government and was cross-examined by Mr. Tetzner's counsel.

## II. Findings of Fact

1. On May 10, 2001, an individual described as Daniel Pereira Tetzner was deported on Varig Airlines, Flight No. 8841, from Los Angeles, California to Brazil. This individual had illegally entered the United States on April 24, 2001 at Tecate, California. Attch. to Govt. Ex. 1.

2. On September 10, 2003, Mr. Tetzner was arrested in Everett, Massachusetts as part of an investigation concerning illegal immigration documents. Govt. Ex, 1.

3. At the time that Mr, Tetzner was arrested on September 10, 2003, his fingerprints were taken and those fingerprints matched the fingerprints of the individual, with the same name, who was deported from Los Angeles to Brazil on May 10, 2001.

## III. Probable Cause

Title 8, § 1326(a)(1) and (2), provides that any alien who has previously been deported and is found in the United States, without the prior consent of the United States Attorney General to re-enter the United States, is subject to a substantial period of incarceration. Mr. Tetzner was previously deported from the United States on May 10, 2001 and was arrested in Everett, Massachusetts on September 10, 2003.

Therefore, I find probable cause for the offense charged against Mr. Tetzner in this Complaint.

## IV.  Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) *clear and convincing evidence*, that the Defendant is a danger to the community, or (2) *a preponderance of the evidence*, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f);

United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), *cert. denied*, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the

[Defendant] as required and the safety of any other person and the community," the judicial officer is compelled to consider the following factors:

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including:

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

    V.   <u>Discussion of Whether Detention Is Warranted</u>

        A.  <u>Mr. Tetzner's History and Characteristics</u>

Mr. Tetzner was not interviewed by Pretrial Services and I have no information concerning his background except a prior removal proceeding described above and two minor automobile violations.

B. <u>Nature of the Offense; Weight of the Evidence; Government's Burden; and Risk of Flight</u>

1. <u>Nature of the Offense</u>

Mr. Tetzner is charged with illegal re-entry after having previously been deported. If he is found guilty of this offense, he could face a substantial period of incarceration followed by certain deportation.

2. <u>Weight of the Evidence</u>

Bearing in mind that Mr. Tetzner is presumed innocent, the Court must nevertheless consider the weight of the evidence against him. I have previously found probable cause for the alleged offense. Mr. Tetzner's fingerprints match the fingerprints of an individual who has previously been deported and there is no evidence that Mr. Tetzner was granted permission to re-enter the United States. Therefore, the weight of the evidence against Mr. Tetzner is substantial.

3. <u>Government's Burden</u>

The United States has moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A). The Government must prove by a preponderance of the evidence that Mr. Tetzner poses a risk of flight and that there are no conditions or combination of conditions that would reasonably assure his appearance in Court if he were released.

4. <u>Whether Mr. Tetzner Poses A Risk Of Flight</u>

Mr. Tetzner is an illegal alien who has previously been deported to Brazil and has illegally re-entered the United States without permission. Since Mr. Tetzner was not interviewed, I have no information concerning his ties to this District. Therefore, I conclude by a preponderance of the evidence that Mr. Tetzner poses a risk of flight and that there

are no conditions or combination of conditions that would assure his appearance in this Court if he were released.

## VI.    Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Tetzner be committed to the custody of the Attorney General. or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Tetzner be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Tetzner is detained and confined shall deliver Mr. Tetzner to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III

```
                              CHARLES B. SWARTWOOD, III
                              MAGISTRATE JUDGE
```