UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA       )
                              )
v.                            )        Criminal No.  03-10359-MLW
                              )
DANIEL PEREIRA TETZNER         )
_____)

JOINT SENTENCING MEMORANDUM

**I.    REQUEST TO WAIVE PRESENTENCE INVESTIGATION AND REPORT**

The parties jointly request, pursuant to Fed. R. Crim. P. 32(b)(1) and (c)(1)(A)(ii), that the presentence investigation and report in this matter be waived, and that Defendant Daniel Pereira Tetzner plead guilty and be sentenced on the earliest date convenient to the Court's schedule.  As grounds therefor, the parties suggest that the information in the record before this Court enables it to exercise its sentencing authority meaningfully under 18 U.S.C. §3553(a).  In support of their joint request, the parties provide the Court with a stipulation of the offense conduct of Defendant supporting the one-count Superseding Information to which Defendant is prepared to plead.

Count I charges Defendant with having been found in the United States having previously been deported, and without having received the express consent of the Attorney General of the United States prior to March 1, 2003, or the express consent of the Secretary of the Department of Homeland Security since that date, to reenter, in violation of Title 8, United States Code,

-1-

section 1326(a)(2).

The parties inform the Court that, should the Court accept the Defendant's plea to the Superseding Information and thereafter sentence him, the likelihood of post-sentencing supervision of Defendant by the United States Probation Office is slight.  As is apparent from the charge, Defendant is illegally within the United States, and has a detainer lodged against him by the United States Immigration and Customs Enforcement ("ICE") as of September 10, 2003.  Further details are set forth herein.

It is expected that Defendant will be deported shortly after his transfer from the custody of the Attorney General following any further term of imprisonment, to the custody of Immigration and Customs Enforcement.

## II. BIOGRAPHICAL DATA

The Pre-trial Services Office was not able to interview Defendant at the time of his initial appearance.  According to Defendant's Alien File (File Number A76 706 426), he was born in 1980 in Sao Paulo, Sao Paulo Province, Brazil to Manderley Tetzner and Maria Geralda Tetzner, both of whom are Brazilian citizens living in Central de Minas, Minas Gerais Province.  His most recent home in Brazil was Rua Jose Ludavino, #345, Central de Minas, Minas Gerais Province, Brazil.  He does not have a criminal record in the United States, there is no indication that he has a foreign criminal record, and his only immigration record

prior to this criminal case is set forth below in the
Government's Statement of Relevant Facts.

### III.  GOVERNMENT'S STATEMENT OF RELEVANT FACTS (STIPULATED)

From in or about July, 2003 to the present, Special Agents
of the Joint Terrorism Task Force, including agents from
Immigration and Customs Enforcement[1] and the Federal Bureau of
Investigation, have investigated Defendant and others for
suspected involvement in counterfeit document vending and alien
smuggling.  In early September 2003, ICE Special Agent Richard
Deasy learned from an immigration records check that Defendant
was present in the United States after having been previously
deported.

On September 10, 2003, Special Agent Deasy was informed by
FBI Special Agents Russell E. Chisholm and Edmond Cronin that
Defendant had been arrested for an immigration violation in the
vicinity of 71 Floyd Street, Everett, Massachusetts.  The agents

---

[1]  Prior to March 1, 2003, the effective date of the
Homeland Security Act of 2002 (116 Stat. 2135; Pub. L. 107-296;
codified at 6 U.S.C. § 101 et seq.), United States immigration
laws were enforced under the authority of the Attorney General of
the United States, through the Commissioner of the INS.  As of
March 1, 2003, the INS was abolished.  6 U.S.C. § 291.
Administration and enforcement of the Immigration and
Naturalization Act have been transferred to the Secretary of
Homeland Security.  6 U.S.C. § 236(b)(1); 8 U.S.C. §1103(a)(1).
"[A]ny reference in any other Federal law to any department,
commission, or agency or any other officer or office the
functions of which are so transferred shall be deemed to refer to
the Secretary [of Homeland Security], or other official, or
component of the Department [of Homeland Security] to which such
function is so transferred."  6 U.S.C. § 557.

were at that location in conjunction with the execution of arrest warrants authorized along with a criminal complaint issued by this Court on September 9, 2003.  See United States v. Eder Coelho et al., Crim. No. 03-10376-PBS[2].  The agents observed Defendant and another individual arrive at 71 Floyd Street in a motor vehicle.  Prior investigation had determined that 71 Floyd Street was an address which had been associated with Eder Coelho and Abraao Oliveira and their associates since August 26, 2003. Through the investigation, the agents were also aware that Defendant was an associate of Oliveira and Coelho.  The agents observed the motor vehicle, specifically, a silver Dodge Stratus bearing Massachusetts license plate 3201 RL.  According to the Massachusetts Registry of Motor Vehicles, that vehicle and plate number are registered to Defendant.

After the agents stopped the vehicle for preliminary questioning, the driver produced identification stating he was Daniel Tetzner, with his year of birth listed as 1980.  After notifying ICE of the situation, FBI agents arrested Defendant pursuant to their immigration arrest authority granted by the Attorney General of the United States in a "Delegation Of Authority To The Federal Bureau of Investigation To Exercise The Powers And Duties Of Immigration Officers," dated December 18,

---

[2]  That criminal matter was originally docketed as M.J. No. 03-1727-CBS,

2002.[3]  Defendant was placed in the custody of the Department of
Homeland Security at the Suffolk County Correctional Facility,
located at South Bay, in Boston, Massachusetts.

Special Agent Deasy reviewed the Immigration Alien file of
Daniel Pereira TETZNER (File Number A76 706 426).  This file
reflects that Defendant is a native and citizen of Brazil who was
first apprehended by the United States Border Patrol ("USBP") on
or about March 4, 2001, trying to illegally enter the United
States near Tecate, California without inspection.  As such, his
entry into the United States was illegal pursuant to section
212(a)(6)(A)(i) of the Immigration and Nationality Act, codified
at 8 U.S.C. § 1182(a)(6(A)(i).  The file also reflects that
Defendant was ordered removed/deported on April 24, 2001 by an
Immigration Judge in El Centro, CA, and a Warrant of
Removal/Deportation was executed that day.  On May 10, 2001,
Defendant was removed/deported from the United States to Brazil
on United Airlines Flight No. 4177 from Los Angeles, California
to Sao Paulo, Brazil, as witnessed by an INS Detention Officer.

---

[3]    Completed administrative actions of an agency, the
functions of which were subsequently transferred to the
Department of Homeland Security, including Orders such as the
Attorney General's delegation of authority set forth above, are
deemed to be "completed administrative actions," the validity of
which were not affected by the enactment of the Homeland Security
Act.  Such orders "continue in effect according to their terms
until amended, modified, superseded, terminated, set aside, or
revoked in accordance with law by an officer of the United States
or a court of competent jurisdiction, or by operation of law."  6
U.S.C. § 552(a).

Defendant's immigration file reveals no evidence that he has been granted permission by the Attorney General of the United States prior to March 1, 2003, or by the Secretary of the Department of Homeland Security since that date, to reapply for admission into the United States; nor has the Attorney General or Secretary of the Department of Homeland Security authorized any application by Defendant for admission from any foreign contiguous territory.

On September 10, 2003, while being booked at ICE in Boston, Massachusetts, Defendant was fingerprinted by ICE Special Agent Garland Arnold. A check of the Department of Homeland Security, Biometric Identification System indicated that the right fingerprint image taken after Defendant's arrest on September 10, 2003 matched the right fingerprint taken on March 6, 2001 by the USBP when Defendant was previously booked, processed, and subsequently deported/removed.

**IV. PROCEDURAL HISTORY**

On September 10, 2003, Defendant was served with a Notice of Intent/Decision to Reinstate Prior Order by ICE Special Agent Arnold. Defendant acknowledged receipt of that Notice in writing, and declined to contest it. Thereafter, also on September 10, 2003, Bruce E. Chadbourne, the Interim Field Office Director of ICE's Deportation and Removal Office, determined that Defendant was subject to removal through reinstatement of the

prior deportation order.

In a criminal complaint filed on September 24, 2003, Defendant was charged with being a previously-deported alien found in the United States in violation of 8 U.S.C. §1326(a)(3). United States v. Daniel P. Tetzner, M.J. No. 03-01752-CBS. The same day, the Court (Swartwood, M.J.) issued a Writ of Habeas Corpus for Defendant. Defendant had an initial appearance on September 25, 2003, at which the government moved for his detention pursuant to 18 U.S.C. § 3142(f)(2)(A). Following a detention hearing on September 29, 2003, the Court ordered Defendant detained in the custody of the Attorney General. Since September 25, 2003, Defendant has been detained at Plymouth County Correctional Facility.

The United States Attorney filed the above-captioned criminal Information on November 24, 2003, charging Defendant with being a previously-deported alien found in the United States in violation of 8 U.S.C. §1326(a)(3).[4]

---

[4]    In order to avoid any ambiguity, the government filed a Superseding Information on December 19, 2003 which amends the text of the charge to read in relevant part: "... without having received the express consent of the United States Attorney General prior to March 1, 2003, or the express consent of the Secretary of the Department of Homeland Security since that date, to reapply for admission to the United States." While the text of Section 1326 refers exclusively to the Attorney General, Title 6, United States Code, Section 557 indicates that statutory references to other federal officers who had functions transferred to the Department of Homeland Security as part of the Homeland Security Act "shall be deemed to refer to the Secretary [of Homeland Security]", and Section 202(3) and (4) charge the

## V.  GUIDELINE CALCULATIONS

### A.  Base Offense Level

U.S.S.G. §2L1.2 (Unlawfully Entering or Remaining in the United States) is the applicable guideline provision for the case.  That guideline provides for a base offense level ("BOL") of 8.  None of the Specific Offense Characteristics set forth in §2L1.2(b)(1) apply to the facts of the case.  Defendant is entitled to a two-level reduction of his BOL under U.S.S.G. §3E1.1(a) to reflect his timely acceptance of responsibility. Accordingly, Defendant's adjusted BOL is 6.

### B.  Criminal History

Defendant has no prior criminal history in the United States.  Thus, Defendant has no criminal history point total, and the criminal history category is I.

### C.  Guideline Sentencing Range and Recommendation

Defendant's guideline sentencing range is 0-6 months (Zone A).  The joint recommendation of the parties is that the Court sentence Defendant to a period in the custody of the Attorney General of time served (September 25, 2003 to the date of his sentencing).  The parties further recommend that such period of incarceration be followed by one year of supervised release, no

---

Secretary of Homeland Security with immigration enforcement authority, and authority to grant permission to enter the United States, through "visas or other forms of permission, including parole".

fine, and a $100 special assessment.  The parties further recommend that the Court issue an Order of Deportation, to which the parties stipulate.

Respectfully submitted,              Respectfully submitted,

DANIEL PEREIRA TETZNER              MICHAEL J. SULLIVAN
By his attorney,                    United States Attorney


 /s/ Elliot M. Weinstein              /s/ Gregory Moffatt
ELLIOT M. WEINSTEIN, ESQ.           GREGORY MOFFATT
228 Lewis Wharf                     Assistant U.S. Attorney
Boston, MA 02110                    617-748-3370
617-367-9334

DATE: December 19, 2003