UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Cr. No. 03-10359-MLW
)
DANIEL PEREIRA TETZNER )
)

**GOVERNMENT'S SUBMISSION REGARDING JUDICIAL
AUTHORITY TO ENTER ORDERS OF DEPORTATION**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Michael D. Ricciuti, Assistant U.S. Attorney, hereby submits the following regarding this Court's authority to issue an order of deportation. As shown below, this Court has the discretionary authority to enter such an order under 8 U.S.C. §1228(c)(1) and (5). However, for the reasons below, the government withdraws its request that it do so.[1]

Title 8, U.S.C., sections 1228(c)(1) and (5) (copy attached),[2] state as follows:

> (1) **Authority**. Notwithstanding any other provision of this chapter, a United States

---

[1] After the hearing this morning, the undersigned confirmed there is no evidence that suggests Tetzner was involved in terrorism. However, the undersigned learned there was evidence of his connection to the defendants on the Coelho matter (e.g., he was observed by surveillance agents during the investigation). Tetzner is not charged in that matter.

[2] Congress apparently enacted two subsections designated as "(c)" in this statute. The one referred to is the second of the two.

>district court shall have jurisdiction to enter a judicial order of removal at the time of sentencing against an alien who is deportable, if such order has been requested by the United States Attorney with the concurrence of the Commissioner and if the court chooses to exercise such jurisdiction.
>
>. . .
>
>(5) **Stipulated judicial order of removal.** The United States Attorney, with the concurrence of the Commissioner, may, pursuant to Federal Rule of Criminal Procedure 11, enter into a plea agreement which calls for an alien, who is deportable under this chapter, to waive the right to notice and a hearing under this section, and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement or as a condition of probation or supervised release, or both. The United States district court, in both felony and misdemeanor cases, may accept such a stipulation and shall have jurisdiction to enter a judicial order of removal pursuant to the terms of such a stipulation.

The undersigned has conferred with officials at Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security's successor to the Immigration and Naturalization Service and the agency empowered to concur in the government's request for a judicial order of deportation the name of the Commissioner pursuant to 8 U.S.C. §1228. In this case, the prior order of removal entered in 2001 (attached hereto) is still the operative removal order, and provides ICE with the authority to deport the defendant. Thus, there is no need for this Court to issue another order seeking the same result. The government thus

respectfully withdraws its request that it do so, and regrets any inconvenience caused to the Court.

            Respectfully submitted,

            MICHAEL J. SULLIVAN
            United States Attorney

By: _____
            MICHAEL D. RICCIUTI
            Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record a copy of the foregoing document by fax this 3rd day of February, 2004.

_____
MICHAEL D. RICCIUTI
ASSISTANT UNITED STATES ATTORNEY

period and on its expiration was subject to immediate execution, though alien then had been in U.S. more than three years. Matsumura v. Higgins, C.C.A.9 (Mont.) 1911, 187 F. 601, 109 C.C.A. 431. See, also, Suzuki v. Same, N.Y.1911, 187 F. 503, 109 C.C.A. 433.

**397. Termination of running of limitation, limitations of time**

Deportation proceedings were "instituted" within meaning of former § 155 of this title [now covered by this section] when warrant of arrest had issued. Raftery ex rel. Giacomazzi v. Tillinghast, C.C.A.1 (Mass.) 1933, 63 F.2d 97.

Limitation in former § 155 of this title [now covered by this section] required institution of proceedings for deportation but not order of deportation within period of limitation. Metaxis v. Weedin, C.C.A.9 (Wash.) 1930, 44 F.2d 539. See, also, Marty v. Nagle, C.C.A.Cal.1930, 44 F.2d 695, certiorari dismissed 51 S.Ct. 349, 283 U.S. 868, 75 L.Ed. 1471.

Issuance of warrant of deportation within five years authorized deportation thereon later. U S ex rel Mercuri v. Marshall, W.D.Pa.1929, 37 F.2d 609.

Warrant of deportation, not merely warrant of arrest, had to be issued within period prescribed. McCandless (Pa.) 1929, 33 F.2d rel Swystun, C.C.A.3 882.

Jurisdiction of Secretary in deportation proceeding was not lost by delay of over two years between hearing and decision. Lai To Hong v. Ebey, C.C.A.7 (Ill.) 1928, 25 F.2d 714.

Under former §§ 155 and 156 of this title [now covered by this chapter], construed together, an alien might be deported, if proceedings were instituted within five years after entry though not completed until after the expiration of that time; "entry," meaning the entry after an alien was freed from restraint, so that he might physically enter the country, and not merely the arrival of the vessel in port.

Under Immigration Act of Feb. 20, 1907, the Secretary of Labor could order deportation of an alien only when he had entered the United States within the three years preceding his arrest by immigration authorities. Backus v. Owe Sam Goon, C.C.A.9 (Cal.) 1916, 235 F. 847, 149 C.C.A.Mass.1925, 6 F.2d 1; U.S. v. Tod, C.C.A.N.Y.1923, 289 F. 60.

Under prior Act, Secretary had the full 3 years in which to begin proceedings, that Act being construed in analogy with statutes of limitations in criminal cases. Bun Chew v. Connell, C.C.A.9 (Cal.) 1916, 233 F. 220, 147 C.C.A. 226.

Under 1903 and 1907 Acts, providing for deportation of aliens unlawfully in country within 3 years after landing, deportation did not have to be completed within that time, government having whole of last day of three years in which to make arrest, and prescription being interrupted by arrest, government was entitled to reasonable time in which to carry out sentence of deportation. U.S. ex rel. Calamia v. Redfern, C.C.E.D.La. 1910, 180 F. 506.

Under corresponding section of 1903 Act, providing for 2 year period, deportation for entering in violation of any prior law could only be made within two years, which meant actual deportation and not merely commencing proceedings. Botis v. Davies, N.D.Ill.1909, 173 F. 996.

Under corresponding section of 1891 Act, providing limitation period of 1 year, where proceeding for deportation of alien was not begun by seizure of alien within 1 year next after his last entry into United States, as required by § 11 of that Act, proceeding was barred. In re Rossomanno, C.C.S.D.N.Y.1904, 128 F. 528.

**§ 1228. Expedited removal of aliens convicted of committing aggravated felonies**

**(a) Removal of criminal aliens**

**(1) In general**

The Attorney General shall provide for the availability of special removal proceedings at certain Federal, State, and local

170

correctional facilities for aliens convicted of any criminal offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 1227(a)(2)(A)(i) of this title. Such proceedings shall be conducted in conformity with section 1229a of this title (except as otherwise provided in this section), and in a manner which eliminates the need for additional detention at any processing center of the Service and in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence. Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

**(2) Implementation**

With respect to an alien convicted of an aggravated felony who is taken into custody by the Attorney General pursuant to section 1226(c) of this title, the Attorney General shall, to the maximum extent practicable, detain any such felon at a facility at which other such aliens are detained. In the selection of such facility, the Attorney General shall make reasonable efforts to ensure that the alien's access to counsel and right to counsel under section 1362 of this title are not impaired.

**(3) Expedited proceedings**

**(A)** Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.

**(B)** Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

**(4) Review**

**(A)** The Attorney General shall review and evaluate removal proceedings conducted under this section.

**(B)** The Comptroller General shall monitor, review, and evaluate removal proceedings conducted under this section. Within 18 months after the effective date of this section, the Comptroller General shall submit a report to such Committees concerning the

171

extent to which removal proceedings conducted under this section may adversely affect the ability of such aliens to contest removal effectively.

**(b) Removal of aliens who are not permanent residents**

(1) The Attorney General may, in the case of an alien described in paragraph (2), determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title.

(2) An alien is described in this paragraph if the alien—

(A) was not lawfully admitted for permanent residence at the time at which proceedings under this section commenced; or

(B) had permanent resident status on a conditional basis (as described in section 1186a of this title) at the time that proceedings under this section commenced.

(3) The Attorney General may not execute any order described in paragraph (1) until 14 calendar days have passed from the date that such order was issued, unless waived by the alien, in order that the alien has an opportunity to apply for judicial review under section 1252 of this title.

(4) Proceedings before the Attorney General under this subsection shall be in accordance with such regulations as the Attorney General shall prescribe. The Attorney General shall provide that—

(A) the alien is given reasonable notice of the charges and of the opportunity described in subparagraph (C);

(B) the alien shall have the privilege of being represented (at no expense to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose;

(C) the alien has a reasonable opportunity to inspect the evidence and rebut the charges;

(D) a determination is made for the record that the individual upon whom the notice for the proceeding under this section is served (either in person or by mail) is, in fact, the alien named in such notice;

(E) a record is maintained for judicial review; and

(F) the final order of removal is not adjudicated by the same person who issues the charges.

(5) No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion.

**(c)[1] Presumption of deportability**

An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States.

**(c)[1] Judicial removal**

**(1) Authority**

Notwithstanding any other provision of this chapter, a United States district court shall have jurisdiction to enter a judicial order of removal at the time of sentencing against an alien who is deportable, if such an order has been requested by the United States Attorney with the concurrence of the Commissioner and if the court chooses to exercise such jurisdiction.

**(2) Procedure**

(A) The United States Attorney shall file with the United States district court, and serve upon the defendant and the Service, prior to commencement of the trial or entry of a guilty plea a notice of intent to request judicial removal.

(B) Notwithstanding section 1252b[2] of this title, the United States Attorney, with the concurrence of the Commissioner, shall file at least 30 days prior to the date set for sentencing a charge containing factual allegations regarding the alienage of the defendant and identifying the crime or crimes which make the defendant deportable under section 1227(a)(2)(A) of this title.

(C) If the court determines that the defendant has presented substantial evidence to establish prima facie eligibility for relief from removal under this chapter, the Commissioner shall provide the court with a recommendation and report regarding the alien's eligibility for relief. The court shall either grant or deny the relief sought.

(D)(i) The alien shall have a reasonable opportunity to examine the evidence against him or her, to present evidence on his or her own behalf, and to cross-examine witnesses presented by the Government.

(ii) The court, for the purposes of determining whether to enter an order described in paragraph (1), shall only consider evidence that would be admissible in proceedings conducted pursuant to section 1229a of this title.

(iii) Nothing in this subsection shall limit the information a court of the United States may receive or consider for the purposes of imposing an appropriate sentence.

(iv) The court may order the alien removed if the Attorney General demonstrates that the alien is deportable under this chapter.

**(3) Notice, appeal, and execution of judicial order of removal**

(A)(i) A judicial order of removal or denial of such order may be appealed by either party to the court of appeals for the circuit in which the district court is located.

(ii) Except as provided in clause (iii), such appeal shall be considered consistent with the requirements described in section 1252 of this title.

(iii) Upon execution by the defendant of a valid waiver of the right to appeal the conviction on which the order of removal is based, the expiration of the period described in section 1252(b)(1) of this title, or the final dismissal of an appeal from such conviction, the order of removal shall become final and shall be executed at the end of the prison term in accordance with the terms of the order. If the conviction is reversed on direct appeal, the order entered pursuant to this section shall be void.

(B) As soon as is practicable after entry of a judicial order of removal, the Commissioner shall provide the defendant with written notice of the order of removal, which shall designate the defendant's country of choice for removal and any alternate country pursuant to section 1253(a) of this title.

**(4) Denial of judicial order**

Denial of a request for a judicial order of removal shall not preclude the Attorney General from initiating removal proceedings pursuant to section 1229a of this title upon the same ground of deportability or upon any other ground of deportability provided under section 1227(a) of this title.

**(5) Stipulated judicial order of removal**

The United States Attorney, with the concurrence of the Commissioner, may, pursuant to Federal Rule of Criminal Procedure 11, enter into a plea agreement which calls for the alien, who is deportable under this chapter, to waive the right to notice and a hearing under this section, and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement or as a condition of probation or supervised release, or both. The United States district court, in both felony and misdemeanor cases, and a United States magistrate judge in misdemeanor cases, may accept such a stipulation and shall have jurisdiction to enter a judicial order of removal pursuant to the terms of such stipulation.

(June 27, 1952, c. 477, Title II, ch. 4, § 238, formerly ch. 5, § 242A, as added Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7347(a), 102 Stat. 4471, and amended Nov. 29, 1990, Pub.L. 101–649, Title V, § 506(a), 104 Stat. 5050;

Dec. 12, 1991, Pub.L. 102–232, Title III, § 309(b)(10), 105 Stat. 1759; Sept. 13, 1994, Pub.L. 103–322, Title XIII, § 130004(a), (c), 108 Stat. 2026, 2027; Oct. 25, 1994, Pub.L. 103–416, Title II, §§ 223(a), 224(a), 108 Stat. 4322; Apr. 24, 1996, Pub.L. 104–132, Title IV, §§ 440(g), 442(a), (c), 110 Stat. 1278, 1279, 1280; renumbered ch. 4, § 238 and amended Sept. 30, 1996, Pub.L. 104–208, Div. C, Title III, §§ 304(c)(1), 306(d), 308(b)(5), (c)(1), (4)(A), (e)(1)(F), (2)(D), (10), (g)(1), (2)(A), (C), (5)(A)(ii), (C), (D), (10)(H), 374(a), Title VI, § 671(b)(13), (c)(5), (6), 110 Stat. 3009–597, 3009–612, 3009–615, 3009–616, 3009–619, 3009–620, 3009–622, 3009–623, 3009–625, 3009–647, 3009–722, 3009–723.)

[1] So in original. Two subsecs. (c) have been enacted.
[2] See References in Text note below.

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1952 Acts.** House Report No. 1365 and Conference Report No. 2096, see 1952 U.S. Code Cong. and Adm. News, p. 1653.

**1988 Acts.** For Related Reports, see 1988 U.S. Code Cong. and Adm. News, p. 5937.

**1990 Acts.** House Report No. 101–723(Parts I and II), House Conference Report No. 101–955, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6710.

**1991 Acts.** House Report Nos. 102–287, 102–380, and 102–383, see 1991 U.S. Code Cong. and Adm. News, p. 1362.

**1994 Acts.** House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

House Report No. 103–387, see 1994 U.S. Code Cong. and Adm. News, p. 3516.

**1996 Acts.** Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**Codifications**

Section was formerly classified to section 1252a of this title prior to renumbering by Pub.L. 104–208, div. C, title III, § 308(b)(5), Sept. 30, 1996, 110 Stat. 3009–615.

Pub.L. 104–208, § 308(e)(10), refers to section as being redesignated by subsec. (b)(6). Amendment by section 308(e)(10) of Div. C of Pub.L. 104–208 is executed to section as redesignated by section 308(b)(5) of Div. C of Pub.L. 104–208 to reflect probable intent of Congress.

Amendment by Pub.L. 104–132, § 440(g)(2), which directed "aggravated felony" and all that follows through "before any scheduled hearings" to be struck out of subsec. (a)(2) could not be executed as "before any scheduled hearings" does not appear in subsec. (a)(2). Section 671(c)(6) of Div. C of Pub.L. 104–208 amended Pub.L. 104–132, § 440(g) by striking out par. (2).

**References in Text**

Section 1252b of this title, referred to in subsec. (c)(2)(B), was repealed by Pub.L. 104–208, div. C, title III, § 308(b)(6), Sept. 30 1996, 110 Stat. 3009–615.

Section 1253 of this title, referred to in subsec. (c)(3)(B), was amended generally by Pub.L. 104–208, div. C, title III, § 307(a), Sept. 30 1996, 110 Stat. 3009–612, and as so amended, subsec. (a) no longer contains provisions relating to alternate countries. Provisions similar to those contained in former subsec. (a) of section 1253 are now contained in section 1231(b) of this title.

Federal Rule of Criminal Procedure 11, referred to in subsec. (c)(5), is set out in Title 18.

**Amendments**

**1996 Amendments.** Pub.L. 104–208, § 308(e)(1)(F), substituted "removal" for "deportation" wherever appearing.

Pub.L. 104–208, § 308(e)(10), substituted reference to removal for reference to deportation wherever appearing in subsec. headings. See Codification note set out under this section.

Catchline. Pub.L. 104–208, § 308(b)(5), substituted "removal" for "deportation".

8 § 1227
Note 240

ALIENS AND NATIONALITY

240. —— Statutory rape, sex offenses, specific criminal offenses

Alien's Wisconsin offense of sexual assault of a child was not "crime of violence," and thus was not basis for finding that alien committed aggravated felony and thus was deportable, where conduct of which alien was convicted consisted of consensual sex between 18-year-old boyfriend and his 15-year-old girlfriend. Xiong v. I.N.S., C.A.7 1999, 173 F.3d 601.

241. Stolen goods, specific criminal offenses

Alien's prior Illinois conviction for possession of a stolen motor vehicle could be classified as a "theft offense," and therefore constituted an "aggravated felony" rendering alien deportable; alien's conviction for possession of a stolen motor vehicle entailed a knowing exercise of control over another's property without consent. Hernandez-Mancilla v. I.N.S., C.A.7 2001, 246 F.3d 1002, rehearing and rehearing en banc denied.

243. Theft, specific criminal offenses

Alien convicted of receiving stolen property in violation of Pennsylvania statute was convicted of a crime of moral turpitude, thereby subjecting him to deportation. De Leon-Reynoso v. Ashcroft, C.A.3 (Pa.) 2002, 293 F.3d 633.

Phrase "amount of the funds" in statute defining money laundering for purposes of listing offenses constituting an "aggravated felony" rendering an alien removable referred to the amount of money that was laundered rather than the amount of loss suffered by the victims of the underlying criminal activity; thus, alien's conviction for laundering $1,310 did not constitute an "aggravated felony." Chowdhury v. I.N.S., C.A.9 2001, 249 F.3d 970.

245. Weapons, specific criminal offenses

Conviction for unlicensed export of listed defense articles necessarily entailed element of possession of firearms, and therefore conspiracy to export firearms in violation of statute generally prohibiting unlicensed export of listed defense articles was removable firearms offense under Immigration and Nationality Act (INA). Kuhali v. Reno, C.A.2 (N.Y.) 2001, 266 F.3d 93.

The statute providing that any alien convicted after admission of such things as purchasing, selling, offering for sale, exchanging, or using weapons is deportable encompasses not only convictions for non-firearms offenses involving the use of firearms, but also "pure" firearms offenses. Valerio-Ochoa v. I.N.S., C.A.9 2001, 241 F.3d 1092, as amended, certiorari denied 122 S.Ct. 55, 151 L.Ed.2d 24.

V. SECURITY

282. Nazi persecution, security

For alien to be deported under Holtzman Amendment, government was not required to prove that alien misrepresented his concentration camp guard service when he applied for visa to enter United States. Tittjung v. Reno, C.A.7 1999, 199 F.3d 393.

VIII. LIMITATIONS OF TIME

386. Overstaying temporary admission, limitations of time

Finding by Board of Immigration Appeals (BIA) that alien was removable based on being excludable at entry, not being in possession of valid visa, and overstaying her visitor visa, was supported by substantial evidence, including her conflicting testimony as to her intentions upon reentry and where she intended to reside. Westover v. Reno, C.A.1 2000, 202 F.3d 475.

§ 1228. Expedited removal of aliens convicted of committing aggravated felonies

HISTORICAL AND STATUTORY NOTES

References in Text

For effective date of this section, referred to in subsec. (a)(4)(B), see Effective and Applicability Provisions for 1988 Acts below.

Conflict of interest    8
Notice    10
Removal of non-permanent resident aliens    11
Review    9

Notes of Decisions

1. Constitutionality

Alien's expedited deportation procedure was not rendered fundamentally unfair in violation of her due process rights by fact that her waiver of rights to rebut and contest the charges and to judicial review of the final removal order was not made before a neutral magistrate and was instead taken by a person at the Immigration and Naturalization Service (INS), the same agency that arrested the alien, provided an explanation of her rights, and then determined she was deportable. U.S. v. Rangel de Aguilar, C.A.10 (Kan.) 2002, 308 F.3d 1134.

Alien deported pursuant to expedited removal procedure applicable to aliens convicted of aggravated felonies received all due process to which he was entitled, notwithstanding that his waiver of right to judicially contest deportation was not made before neutral magistrate, where alien received notice of charges against him, agent explained that alien had right to contest charges against him, alien waived stay of execution, and alien was served with warrant of deportation which was subsequently executed. U.S. v. Benitez-Villafuerte, C.A.5 (Tex.) 1999, 186 F.3d 651, certiorari denied 120 S.Ct. 888, 528 U.S. 1097, 145 L.Ed.2d 704.

Use of expedited removal procedure for criminal aliens who are not permanent residents did not violate due process rights of nonpermanent resident alien who was convicted of conspiracy to import heroin into the United States and to distribute it; there was no error in alien's adjudi-

10

ALIENS AND NATIONALITY

cation, and procedure provided little room for error on the part of Immigration and Naturalization Service (INS) officer and little need for a personal appearance by the alien. Hypolite v. Blackman, M.D.Pa.1999, 57 F.Supp.2d 128.

2. Discretion of Attorney General

The statutory bar to discretionary relief from deportation due to extreme hardship applies only to those aggravated felons who are processed through expedited removal processes. U.S. v. Arrieta, C.A.9 (Cal.) 2000, 224 F.3d 1076.

Alien would have been deported irrespective of alleged errors in expedited removal proceeding, and alleged errors thus did not prevent deportation proceeding from being basis for illegal reentry conviction, where alien was convicted of theft of over $1,500 for which term of imprisonment was at least one year, and, as alien convicted of aggravated felony, he was ineligible for discretionary relief from removal. U.S. v. Benitez-Villafuerte, C.A.5 (Tex.) 1999, 186 F.3d 651, certiorari denied 120 S.Ct. 888, 528 U.S. 1097, 145 L.Ed.2d 704.

By following removal procedure set out in statutory provision governing removal of aliens who are not permanent residents, rather than procedure set out in statute governing criminal aliens, Immigration and Naturalization Service (INS) followed proper procedure for removal of criminal alien who was not a permanent resident. Hypolite v. Blackman, M.D.Pa.1999, 57 F.Supp.2d 128.

8. Conflict of interest

Purported pecuniary interest on part of Immigration and Naturalization Service (INS) in alien's deportation, based on fact that INS' congressional funding depended to some extent on its statistical workload in apprehending and deporting illegal aliens, did not deprive alien of due process in expedited removal proceeding. U.S. v. Benitez-Villafuerte, C.A.5 (Tex.) 1999,

186 F.3d 651, certiorari denied 120 S.Ct. 888, 528 U.S. 1097, 145 L.Ed.2d 704.

9. Review

Even if alien's prior deportation proceedings denied him his right to directly appeal that decision, thereby permitting alien to predicate his attack on charge of illegal reentry on the proceeding, alien did not establish that he was prejudiced based on defects in his expedited administrative deportation proceeding; alien raised no grounds on which, had he appealed directly, he could have successfully contested the determination that he was deportable by reason of his Virginia felony convictions. U.S. v. Brown, W.D.N.Y.2001, 127 F.Supp.2d 392.

10. Notice

Government's failure to provide to defendants convicted of racketeering conspiracy presentence notice of government's position that defendants were deportable aliens, as required by statute governing expedited removal of aliens convicted of committing aggravated felonies, did not affect defendants' substantial rights, and thus district court's order that defendants be deported upon completion of their sentences was not plain error; defendants did not allege that they were unable to mount successful defense to order due to lack of notice. U.S. v. Nguyen, C.A.11 (Ga.) 2001, 255 F.3d 1335, certiorari denied 122 S.Ct. 573, 151 L.Ed.2d 445.

11. Removal of non-permanent resident aliens

Illegal alien who was on parole for prior state drunk driving convictions was properly placed in expedited removal proceedings following a subsequent drunk driving offense under statute allowing removal of aliens who are not lawful admittees, even though he was not lawful admitted alien; statute applied equally to parolees and lawfully admitted aliens. Bazan-Reyes v. I.N.S., C.A.7 2001, 256 F.3d 600.

§ 1228a. Removal proceedings

[See main volume for text of (a)]

(b) Conduct of proceeding

[See main volume for text of (1) to (3)]

(4) Alien's rights in proceeding

In proceedings under this section, under regulations of the Attorney General—

[See main volume for text of (A) to (C); (5) to (7)]

(c) Decision and burden of proof

[See main volume for text of (1) to (5)]

(6) Motions to reopen

(A) In general

An alien may file one motion to reopen proceedings under this section.

(B) Contents

The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material.

11

**U. S. Department of Justice**
Immigration and Naturalization Service

**Notice of Intent/Decision to Reinstate Prior Order**

File No. **A076 706 426**
Case No: **BOS0309000252**
Date: **September 10, 2003**

Name: **Daniel Pereira TETZNER**

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR241.8, you are hereby notified that the Attorney General intends to reinstate the order of **Removal** _____ entered against you. This intent is based on
(Deportation / exclusion / removal)
the following determinations:

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on **April 24, 2001** at
   (Date)
   **El Centro, California**.
   (Location)

2. You have been identified as an alien who:

   ☒ was removed on **May 10, 2001** pursuant to an order of deportation / exclusion / removal.
   (Date)

   ☐ departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
   (Date)
   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about **Unknown Date** at or near **Unknown place**.
   (Date)                                                                                    (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a writen or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

*The facts that formed the basic of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* **PORTUGUESE** *language.*

**GARLAND R. ARNOLD**
(Printed or typed name of official)                                    (Signature of officer)

**SPECIAL AGENT**
(Title of officer)

**Acknowledgment and Response**

I ☐ do ☒ do not wish to make a statement contesting this determination.
9/10/03
(Date)                                                                        (Signature of Alien)

**Decision, Order, and Officer's Certification**

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

**September 10, 2003**    **BOSTON, MA**
(Date)                     (Location)                                    (Signature of authorized deciding INS official)

~~JAMES MARTIN~~ BRUCE T. CHADBOURNE                                 SDDO  IFOD
(Printed or typed name of official)                                    (Title)

Form I-871 (Rev. 6-5-97)

U.S. Department of Justice
Immigration and Naturalization Service


ECC/DDP

**Warrant of Removal / Deportation**

File No.: _A 76 706 426_

Date: _April 24, 2001_

**To any officer of the Immigration and Naturalization Service:**

_TETZNER, DANIEL PEREIRA_
(Full name of alien)

who entered the United States at _TECATE, CALIFORNIA_ on _03/04/2001_
(Place of entry)                                               (Date)

is subject to removal / deportation from the United States, based upon a final order by:

☑ an immigration judge in exclusion, deportation, or removal proceedings

☐ a district director or a district director's designated official

☐ the Board of Immigration Appeals

☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

**Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.**

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of the Appropriation, "Salaries and Expenses" Immigration and Naturalization Service, including the expense of an attendant, if necessary.

_Adele P_____
(Signature of authorized INS official)

_District Director, San Diego, California_
(Title of INS official)

_April 24, 2001_                        _El Centro, Ca._
(Date and office location)

Form I-205 (Rev. 4-1-97)N

To be completed by Service officer executing the warrant:
Name of alien being removed:

## TETZNER, DANIEL PEREIRA

Port, date, and manner of removal: LAX  5-10-01  VARIG FLT. 8841

**Photograph of alien removed**

**Right index fingerprint of alien removed**

(Signature of alien being fingerprinted)

(Signature and title of INS official taking fingerprint)

Departure witnessed by: _____ LA355 /DEO
(Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

If self - removal (self - deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____ LA355 /DEO
(Signature and title of INS official)

Form I-205 (Rev. 4-1-97)N

IMMIGRATION COURT
1115 N IMPERIAL AVE., 1ST FL
EL CENTRO, CA 92243

In the matter of

METZNER, DANIEL PEREIRA
Respondent

Case No.: A76-706-424

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 24, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to BRAZIL.

[X] Respondent's application for voluntary departure was denied and respondent was ordered removed to BRAZIL, ~~or in the alternative to~~ ~~alternative to:~~

[ ] Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $ _____ with an alternate order of removal to _____

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____ of the INA was ( )granted ( )denied ( )withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper notice.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

Date: Apr 24, 2001
Appeal: (Waived) Reserved    Appeal Due By: _____

JACK H. WEIL
Immigration Judge

LTZ

U. S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A076 706 416
Case No: CAO0103030063

In the Matter of:

Respondent: Daniel Pereira TETZNER _____ currently residing at:
IN INS CUSTODY, IMP 880 FRONT STREET, SUITE 1234
SAN DIEGO CALIFORNIA 92101
(Number, street, city state and ZIP code)    ( )  -
(Area code and phone number)

☐ 1. You are an arriving alien.
☒ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States;
2) You are a native of BRAZIL and a citizen of BRAZIL;
3) You arrived in the United States at or near Tecate, California, on or about March 04, 2001;
4) You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
401 W. A Street, Suite 800, San diego, California 92101
(Complete Address of Immigration Court, Including Room Number, if any)

on a date to be set at a time to be set to show why you should not be removed from the United States based on the
   (Date)          (Time)
charge(s) set forth above.

ASSISTANT CHIEF PATROL AGENT
(Signature and Title of Issuing Officer)

Date: March 5, 2001    San Diego, California
                       (City and State)

See reverse for important information

Set A
3/9/01
Form I-862 (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service

## Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| TETZNER, Daniel Pereira | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | Case No. | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| BRAZIL | CX 478541, BRAZIL | CA001030000081 | A078 706 225 | 68 | 140 | BAKER |

U.S. Address: IN INS CUSTODY, DOF 880 FRONT STREET, SUITE 1234, SAN DIEGO, CALIFORNIA 92101

Scars and Marks: See Narrative

Date, Place, Time, and Manner of Last Entry: 03/04/2001, 0833, 20 mile(s) E of TEC, FWA (AFOOT)

Number, Street, City, Province (State) and Country of Permanent Residence:
RUA JOSE LODOVINO 8345
CENTRAL DE MINAS, MINAS GERAIS BRAZIL

F.B.I. Number: ☐ Single ☒ Married ☐ Divorced ☐ Widower ☐ Separated

Method of Location/Apprehension: FB 518.3

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 05/10/1980  Age: 20 | 03/06/2001 | SDC/CAO | Tecate, CA | 03/06/2001 0700 |

City, Province (State) and Country of Birth: SAN PAULO, SAN PAULO, BRAZIL

AR: ☒   Form: (Type and No.)   Lifted ☐   Not Lifted ☐

By: CHARLES G. DIERKOP

| Status at Entry | Status When Found |
|---|---|
| FWA Mexico | TRAVEL/SEEK |

Length of Time Illegally in U.S.: AT ENTRY

Immigration Record: POSITIVE - See Narrative

Criminal Record: None known

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) Nationality: BRAZIL

Father's Name, Nationality, and Address, if Known  Nationality: BRAZIL

Mother's Present and Maiden Names, Nationality, and Address, if Known

Monies Due/Property in U.S. Not in Immediate Possession

Fingerprinted? Yes ☒ No ☐   INS Systems Checks: See Narrative   Charge Code Word(s): I6A

Name and Address of (Last)/(Current) U.S. Employer   Type of Employment   Salary   Employed from/to

Narrative:

**PIN #: 8355260**

**SCARS, MARKS AND TATTOOS**
MOLE CHEEK (FACE), RIGHT

**MOTHER'S NATIONALITY**
BRAZIL

**FUNDS IN POSSESSION**
100.00    US - Dollar    DPT

**INS SYSTEMS CHECKS**
Automated Fingerprint Identification System Negative
Central Index System Negative
Deportable Alien Control System Negative

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by RODRIGUEZ

On March 06, 2001, Patrol Agent in Charge C. Dierkop observed three individuals walking towards the Live Oak Springs store located on Old Highway 80 near Boulevard, California. This store is commonly used by illegal aliens to purchase food and water as they attempt to further their entrance into the United States. Agent Dierkop stopped identified

Alien has been advised of communication privileges. (Date/Initials)

(Signature and Title of INS Official)

Distribution:
TO FILE
SECTOR STATION
PROCESSED FOR REMOVAL PROCEEDINGS
DATE: MAR 0 7 2001
PR# 0103-0060  WA-WtA

Received: Officer: RODRIGUEZ
on: March 6, 2001   Time: 8:30AM
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer:

Form I-213(Rev.4/1/97)Y

**U.S. Department of Justice**
**Immigration and Naturalization Service**

Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| TETZNER, Daniel Pereira | Case No: CAO0103000083  A076 705 426 | 03/06/2001 |

himself a Border Patrol agent and questioned the individuals as to their citizenship and immigration status in the English language. None of the three were able to respond to Agent Dierkops' questions in the Spanish language either. The three individuals presented Agent Dierkop with Brazilian passports and stated they were from Brazil. All three individuals stated that they were citizens and nationals of Brazil, present in the United States without any form of immigration documents. All three individuals were arrested for Illegal Entry into the United States. All three individuals were transported to the Campo Border Patrol Station for further processing.

At the Campo Station, all three individuals were processed and entered into the Biometric Identification System (IDENT). The IDENT system revealed that none of the subjects had a previous immigration history. Further record checks revealed no criminal record. The subject's identities could not be confirmed through use of the Automated Fingerprint Identification System (AFIS).

On 03/06/2001, at approximately 8:30a.m, Senior Patrol Agent R Sandoval advised TETZNER, Daniel Pereira of his Consulate communication rights in the Portuguese Language with the assistance of Cyracom International (operator #737). Senior Patrol Agent J. Krause witnessed these rights. TETZNER stated that he understood his rights and requested a Consular official from his country be notified at this time. At approximately 12:50p.m, TETZNER communicated with the Brazilian Consulate office in Los Angeles, California.

TETZNER freely admitted to being a citizen and national of Brazil, and that he is present in the United States without being admitted or paroled by an Immigration Officer. TETZNER also admitted that he arrived in the United States at a time and place other than as designated by the Attorney General, on 03/04/2001, approximately twenty miles east of the Tecate, California Port of Entry. TETZNER stated that both of his parents are citizens of Brazil and that he has never applied for, nor been granted, any type of relief from the United States Immigration and Naturalization Service.

TETZNER further stated that he left his home in Central De Minas, Minas Gerais, Brazil on the 16th of February and arrived in Mexico City, Mexico legally on the 17th of February. TETZNER was in possession of a valid Brazilian passport and a valid Mexican migratory form for foreign tourists. TETZNER also stated that he was in Mexico City, Mexico for approximately 2 days before he left for Acapulco, Guerrero, Mexico. After staying five days in Acapulco, TETZNER departed for Mexicali, Baja California. Once in Mexicali, he stayed one day. While in Mexicali, TETZNER stated that he met an unknown male who told him that for $1000.00 U.S. dollars, he would guide him across the United States/Mexico International Border and on to Los Angeles, California. TETZNER stated his final destination was Boston, Massachusetts. The agreement was that the money would be paid upon arrival in Los Angeles, California. The guide took TETZNER and others by bus to an unknown location south of the international border where they crossed during the night of March 4, 2001. TETZNER stated that he and two others were separated from the rest of the group and subsequently got lost on March 5th. TETZNER also stated that he did not

| Signature | Title |
|---|---|
| ALFREDO D. RODRIGUEZ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)    2 of 3 Pages

**U.S. Department of Justice**
**Immigration and Naturalization Service**

Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| TETENER, Daniel Pereira | Case No: CAO0103000083<br>A076 706 426 | 03/06/2001 |

pay any bribes during his travel.

TETENER was served the following INS forms: I-826 (Notification of Rights and Request for Disposition), I-862 (Notice to Appear), I-200 (Warrant of Arrest), I-286 (Notice of Custody Determination) and a List of Free Legal Services.

TETENER is being held in Service custody pending a removal proceeding.

| Signature | Title |
|---|---|
| ALFREDO D. RODRIGUEZ | BORDER PATROL AGENT |

3 of 3 Pages

Form I-831 Continuation Page (Rev. 6/12/92)